IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **MONTRELL GREEN,** | : | **PRISONER HABEAS CORPUS** |
| GDC ID # 1200165, | : | 28 U.S.C. § 2254 |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| **STANLEY WILLIAMS,** | : | **CIVIL ACTION NO.** |
|     Respondent. | : | **1:12-CV-4025-JEC-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Petitioner, Montrell Green, an inmate at Smith State Prison in Glennville, Georgia, challenges via 28 U.S.C. § 2254 his September 15, 2005, Gwinnett County convictions for malice murder, felony murder, aggravated assault, rape, aggravated sodomy, burglary, and possession of a knife during the commission of a felony. [Doc. 1 at 1; Doc. 5-3 at 85-87.] The matter is before the Court on the § 2254 petition, [Doc. 1]; Respondent's answer-response, [Doc. 4], and brief in support thereof, [Doc. 4-1]; and exhibits consisting of the record of the state court proceedings, [Doc. 5]. For the reasons discussed below, the undersigned **RECOMMENDS** that the petition be **DENIED** and that this action be **DISMISSED**.

AO 72A
(Rev.8/82)

I.   **Background**

The Georgia Supreme Court summarized the facts of Petitioner's criminal case as follows:

> Viewed in a light most favorable to the verdict, the evidence established that Montrell Green, then age 16, called 911 and notified the responding officer of the following: Green had been walking through his apartment complex when he heard the words "help me, help me" coming from a friend's apartment; he then entered that apartment through a window and observed a man attacking his friend with a knife; Green confronted the attacker, a fight ensued and the attacker escaped through the front door. Green directed the officers to the apartment where the attack took place. They found the female victim on the floor bleeding profusely; she died minutes later from her wounds. Forensic evidence established that the victim had been stabbed 74 times, raped, and sodomized.
>
> Green willingly went with the officers to police headquarters where he was questioned as a witness. At the beginning of the interview, the officers established that Green was 16 years old and they advised him that he was entitled to have a parent present. He declined the offer, stating, "No, this is cool. Everything is cool." A second offer was also declined. Inconsistencies appeared in his account of the events, and Green subsequently admitted to stabbing the victim. The interview was halted and Green was advised of his *Miranda*[1] rights from a juvenile rights form, which included the right to have a parent or guardian present. He stated that he understood his rights and asked if he could phone his mother. At that point, he was placed under arrest and taken from the interview room. He was permitted to contact his mother after he was taken to the jail.
>
> Green ultimately led the officers to a grassy area behind the

---

[1]   *Miranda v. Arizona*, 384 U.S. 436 (1966).

AO 72A
(Rev.8/82)

> victim's apartment building where he had discarded the murder weapon. A warrant was issued to obtain buccal swabs from Green for DNA testing. His DNA was identified in vaginal, rectal, and oral swabs collected from the victim.

*Green v. State*, 282 Ga. 672, 672-73, 653 S.E.2d 23, 25 (Ga. 2007).

Petitioner was convicted by a jury and received three consecutive terms of life imprisonment followed by twenty-five years imprisonment. [Doc. 5-3 at 85-89.] Petitioner appealed, and the Georgia Supreme Court affirmed his convictions and sentences on November 5, 2007. *Id.*, 282 Ga. at 672, 653 S.E.2d at 25. On March 28, 2008, Petitioner filed a habeas corpus petition in the Superior Court of Tattnall County. [Doc. 5-1.] The state habeas court denied that petition on February 28, 2012. [Doc. 5-2.] Petitioner did not file an application for a certificate of probable cause to appeal in the Georgia Supreme Court. [Doc. 4-1 at 3.] Petitioner filed his § 2254 petition on November 16, 2012. [Doc. 1.] Respondent does not dispute that the petition was timely filed pursuant to 28 U.S.C. § 2244(d).

Petitioner raises the following four grounds for relief: (1) the trial court should have suppressed Petitioner's statement to police; (2) the trial court should have suppressed a photograph of the victim; (3) trial counsel provided ineffective assistance by failing to object to evidence; and (4) evidence linking Petitioner to the crimes should

3

have been suppressed. [*Id.* at 5-6.] Respondent argues that part of ground three and all of ground four are procedurally defaulted. [Doc. 4-1 at 10-12.]

## II. Procedurally Defaulted Grounds for Relief

A federal habeas petitioner must first exhaust his state court remedies or show that a state corrective process is unavailable or ineffective to protect his rights. 28 U.S.C. § 2254(b)(1). Exhaustion requires a state prisoner to present his claims, on direct appeal or collateral review, to the highest state court according to that state's appellate procedure. *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (per curiam). When a federal habeas petitioner raises unexhausted claims that would be procedurally barred in state court pursuant to state law, the federal court may "treat those claims now barred by state law as no basis for federal habeas relief. . . . The unexhausted claims should be treated as if procedurally defaulted." *Ogle v. Johnson*, 488 F.3d 1364, 1370 (11th Cir. 2007) (citations and internal quotation marks omitted).

Under Georgia law, "[a]ll grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition," and subsequent petitions may assert only grounds that "could not reasonably have been raised in the original or amended petition." Ga. Code Ann. § 9-14-51. That statute "can and should be enforced in federal habeas proceedings against claims never

4

presented in state court . . . ." *Chambers v. Thompson*, 150 F.3d 1324, 1327 (11th Cir. 1998).

However, "[a] federal court may still address the merits of a procedurally defaulted claim if the petitioner can show cause for the default and actual prejudice resulting from the alleged constitutional violation. . . . [I]f the petitioner fails to show cause, [the court] need not proceed to the issue of prejudice." *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010) (citations omitted). Alternatively, the petitioner may obtain federal habeas review of a procedurally defaulted claim if he presents "proof of actual innocence, not just legal innocence." *Id.* (citation omitted). To demonstrate actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "[T]he petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327.

In this case, Respondent argues that ground three is procedurally defaulted to the extent that Petitioner asserts trial counsel's failure to object to "any of the evidence." [Doc. 1 at 5; Doc. 4-1 at 10.] Respondent also argues that ground four is procedurally defaulted because Petitioner did not present on direct appeal or collateral review his

5

claim that evidence linking him to the crimes should have been suppressed. [Doc. 4-1 at 10.] The record supports Respondent's arguments. Under Georgia law, the portion of ground three specified above and all of ground four are procedurally defaulted. Petitioner has neither shown cause for the default nor presented proof of actual innocence. Accordingly, the undersigned **RECOMMENDS** that Petitioner be denied habeas corpus relief as to those grounds.

### III. <u>Claims Adjudicated on the Merits</u>

Petitioner has raised three grounds for habeas corpus relief that have been adjudicated on the merits. A federal court may not grant habeas relief with respect to a claim previously adjudicated on the merits in state court proceedings unless the adjudication resulted in a decision that (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

> Under the "contrary to" clause [of § 2254(d)(1)], a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the

6

> "unreasonable application" clause [of § 2254(d)(1)], a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). The "clearly established Federal law" identified in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the United States Supreme Court's] decisions as of the time of the relevant state-court decision." *Id.* at 412. As to § 2254(d)(2), "[a] determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner carries "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "[A] decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding . . . ." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

Having reviewed the parties' filings and the record of the state court proceedings, the undersigned determines that an evidentiary hearing is not required for disposition of this case. *See* 28 U.S.C. § 2254(e)(2); Rule 8(a), Rules Governing § 2254 Cases in the United States District Courts.

7

### A. Statement to Police

In ground one, Petitioner claims that the trial court should have suppressed his statement to police as involuntary because he was a juvenile and asked to telephone his mother. [Doc. 1 at 5.] The clearly established federal law that applies to this claim is found in *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973). In order to determine whether a confession was voluntary and not coerced, a court must consider "the totality of all the surrounding circumstances—both the characteristics of the accused and the details of the interrogation." *Id.* at 226; *see also Arizona v. Fulminante*, 499 U.S. 279, 285-86 (1991).

The Georgia Supreme Court relied on *Riley v. State*, 237 Ga. 124, 226 S.E.2d 922 (Ga. 1976), which set forth several factors to be considered in determining whether a juvenile knowingly and voluntarily waived his constitutional rights when making an incriminating statement. *See Green*, 282 Ga. at 673-74, 653 S.E.2d at 26. Applying the relevant *Riley* factors, the court explained that Petitioner (1) "was one month shy of his seventeenth birthday"; (2) notified police of the crimes and directed them to the apartment; (3) was advised of his *Miranda* rights; (4) declined two offers to consult with a parent; and (5) was not charged until the end of his interview. *Id.*, 282 Ga. at 674, 653 S.E.2d at 26. The court concluded that Petitioner had knowingly

8

and voluntarily waived his right to remain silent. *Id.*, 282 Ga. at 674, 653 S.E.2d at 26.

The Georgia Supreme Court's conclusion is neither contrary to, nor an unreasonable application of, *Schneckloth*. The court considered Petitioner's characteristics, including his age and actions, and the details of the interrogation, including the administration of *Miranda* rights, the offers for Petitioner to consult with a parent, and the decision to charge at the end of the interview. The court's conclusion also was not based on an unreasonable determination of the facts. Petitioner does not satisfy the standard for federal habeas relief merely by stating that his confession was involuntary because of his age and his request to telephone his mother after police read him a juvenile rights form.

The undersigned **RECOMMENDS** that the Georgia Supreme Court's adjudication of ground one warrants deference pursuant to 28 U.S.C. § 2254(d).

### B. <u>Photograph of Victim</u>

In ground two, Petitioner claims that the trial court should have suppressed a photograph of the victim because it was taken after emergency medical personnel "manipulated the body." [Doc. 1 at 5.] The Georgia Supreme Court explained the circumstances of the photograph:

Emergency medical responders arrived at the victim's apartment within

9

> minutes of the discovery of the crime.  The photograph was taken at the scene after the responders tried to revive the victim.  The body was altered only insofar as it had been rolled over to attach leads to detect a pulse, and the mouth was opened in order to administer CPR.

*Green*, 282 Ga. at 675, 653 S.E.2d at 27.  The court rejected Petitioner's claim because the alterations to the body were minor and Petitioner was not prejudiced as to his charge of oral sodomy "since that crime was decisively proven by the DNA evidence." *Id.*, 282 Ga. at 675, 653 S.E.2d at 27.

The undersigned determines that the Georgia Supreme Court's conclusion was not based on an unreasonable determination of the facts.  Petitioner has not cited any clearly established federal law that applies to this claim, and the undersigned is not aware of any United States Supreme Court cases with contrary legal conclusions or different decisions "on a set of materially indistinguishable facts."  *Williams*, 529 U.S. at 413.  The Georgia Supreme Court's adjudication of ground two warrants deference pursuant to 28 U.S.C. § 2254(d).

### C. Ineffective Assistance of Counsel

In ground three, Petitioner claims that trial counsel provided ineffective assistance by failing to object to another photograph of the victim. [Doc. 1 at 5.] The Georgia Supreme Court explained that the photograph depicted "the clothed body [of

10

the victim] positioned on an examination table prior to autopsy." *Green*, 282 Ga. at 675, 653 S.E.2d at 27. The court further explained that "[t]rial counsel testified at the hearing on the motion for new trial that there seemed to be a relevant purpose for the photo and that he was less concerned about this photo than the photos taken at the crime scene." *Id.*, 282 Ga. at 675-76, 653 S.E.2d at 27.

The clearly established federal law that applies to this claim is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to demonstrate ineffective assistance of counsel, a convicted defendant must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Id.* at 687. As to the first prong, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on

11

one." *Id.* at 697.

> The standards created by *Strickland* and § 2254(d) are both highly deferential . . . and when the two apply in tandem, review is doubly so . . . . The *Strickland* standard is a general one, so the range of reasonable applications is substantial. . . . Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (citations and internal quotation marks omitted).

In the present case, the Georgia Supreme Court determined that trial counsel was not deficient because "[p]re-autopsy photographs are generally admissible to show the nature and extent of a victim's wounds." *Green*, 282 Ga. at 676, 653 S.E.2d at 27 (quoting *Russell v. State*, 267 Ga. 865, 867, 485 S.E.2d 717, 719 (Ga. 1997)). The court further determined that Petitioner had not shown that the result of the trial would have been different if counsel had objected to the photograph. *Id.*, 282 Ga. at 676, 653 S.E.2d at 27.

The Georgia Supreme Court's conclusion is neither contrary to, nor an unreasonable application of, *Strickland*. Petitioner has not (1) overcome the presumption that counsel's decision not to object to the photograph was sound trial

12

strategy and (2) demonstrated a reasonable probability of a different outcome.

The undersigned **RECOMMENDS** that the Georgia Supreme Court's adjudication of ground three warrants deference pursuant to 28 U.S.C. § 2254(d).

### IV.   Certificate of Appealability (COA)

Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason

AO 72A
(Rev.8/82)

would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because the resolution of the issues presented is not debatable. If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

**V.   Conclusion**

For the reasons stated above,

**IT IS RECOMMENDED** that the petition, [Doc. 1], be **DENIED**, a COA be **DENIED**, and this action be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this  30th  day of September, 2013.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

14